Melissa A. Higbee, Esq.
State Bar No. 24644
**HIGBEE & ASSOCIATES (Of Counsel)**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile

*Counsel for Plaintiff,*
ELLIOT MCGUCKEN

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| ELLIOT MCGUCKEN | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| SEDONA AIR TOURS, and DOES 1 through 10 inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Elliot McGucken ("McGucken" or "Plaintiff"), for his complaint against Sedona Air Tours, and DOES 1 through 10, inclusive (collectively "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §

101 *et seq*.

2.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.      This court has personal jurisdiction over Defendant because Plaintiff is informed and believes defendant maintains contacts within the state of Arizona by conducting business and maintaining its principal place of business in the state.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.      Plaintiff Elliot McGucken ("Plaintiff" or "McGucken") is a professional photographer by trade residing in the State of California.

6.      Defendant Sedona Air Tours ("Defendant") is an Arizona corporation with a principal place of business at 770 Sunshine Ln, Sedona, AZ 86336.

7.      On information and belief, Defendant owns and operates the website, https://www.sedonaairtours.com (the "Website").   True and correct screenshots for the Website and Defendant's home site are attached hereto as Exhibit B as proof of ownership.

8.      On information and belief, Defendant posts content to its Website in order to attract user traffic and drive customer revenue.

9.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

10.     For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

11.     Plaintiff is a fine art photographer, conservationist, award-winning Ph.D. physicist, entrepreneur, author, and speaker.

12.     Plaintiff earned a B.A. in theoretical physics from Princeton University and a Ph.D. in physics from UNC Chapel Hill. His research focused heavily on the study and development of cutting edge artificial retinal prosthesis devices that translate light patterns in to electrical currents and stimulate the eye

3

cells of visually impaired individuals.

13.     Plaintiff's fine art photography parallels his award-winning scientific research, as both pursuits seek to harness the power of light in unique and inspiring ways.

14.     Plaintiff is the sole author and exclusive rights holder to a photograph of a light beam through Antelope Valley. ("Image"). A true and correct copy of the original Images is attached hereto as Exhibit A.

15.     Plaintiff registered the Image with the United States Copyright Office under registration number VA0002089200.

16.     On or about February 4, 2020, Plaintiff discovered that Defendant had used the Image on its Website to portray images of what prospective clients might see on a tour or to attract customers to the offered tour.

17.     True and correct screenshots of the infringement featuring Plaintiff's Image are attached hereto as Exhibit B.

18.     On information and belief, Defendant made an unauthorized copy of Plaintiff's Image and uploaded it to the server for Defendant's Website.

19.     Plaintiff never authorized Defendants to use the Image in any manner.

20.     On information and belief, Defendants knew that they did not have permission to use the Image on Defendant's Website and willfully infringed

Plaintiff's Images.

21.    Plaintiff has made several attempts to settle this case prior to the filing of this complaint.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

22.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

24.    Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendant's Website.

25.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

26.    As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as

reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

27.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For statutory damages against Defendants in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For general and special damages against Defendants according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: December 3, 2020                    Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
State Bar No. 24644
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Elliot McGucken, hereby demands a trial by jury in the above matter.

Dated: December 3, 2020                     Respectfully submitted,

                                            **/s/ Melissa A. Higbee**
                                            Melissa A. Higbee, Esq.
                                            State Bar No. 24644
                                            **HIGBEE & ASSOCIATES**
                                            1504 Brookhollow Dr., Ste 112
                                            Santa Ana, CA 92705-5418
                                            (714) 617-8350
                                            (714) 597-6729 facsimile
                                            *Counsel for Plaintiff*